## ORTES et al. *v.* LALLANDE et al.

The fact that the petition and citation were not served in the french language, the maternal tongue of the defendant, must be pleaded *in limine litis*. It affords no ground for reversing the judgment on appeal, nor for enjoining its execution.

On the dissolution of an injunction by which the execution of a judgment was arrested, damages to the extent of twenty per cent on the amount of the judgment enjoined may be allowed without proof.

APPEAL from the District Court of West Feliciana, *Stirling*, J. *Haralson, Ratliff* and *Cowgill*, for the appellants. *Phillips*, for the defendants. The judgment of the court *(Rost*, J. absent,) was pronounced by

EUSTIS, C. J. On the 12th of May, 1835, a judgment was rendered by the court of the Third District, held in the parish of West Feliciana, in favor of *Charles Morgan* and *Benjamin Poydras de Lallande* against *François Ortes* and the widow *Antoine Lacour*, for the sum of $1312 50, with interest. The judgment was by default, and the default had been regularly entered on the 6th of May previous. It was not notified to the defendants until 1841. In January, 1842, execution was issued, and the defendants, who are the plaintiffs in this suit, caused the execution to be enjoined. On a hearing of the cause the injunction was dissolved, and the plaintiffs were adjudged to pay the sum of $250 damages and costs of suit. Judgment for the same sum was also rendered against the sureties in the injunction bond. From this judgment the plaintiff, *François Ortes*, has appealed. In the petition for injunction the plaintiffs seek to annul the judgment on which the execution issued on the ground of fraud, and because the petition and citation

in that suit were served on them in the english language only, the maternal tongue.    <span style="float:right">ORTES<br>*v.*<br>LALLANDE.</span> of both being french. Of the first ground there is no sufficient evidence; and, as to the other, had the parties appealed, the cause assigned would not have been sufficient to have authorized the reversal of· the judgment.   *Leeds et al.* v. *Debuys,* 4 Rob., 258.

The damages allowed do not exceed twenty per cent on the amount of the judgment, and the District Court was justified in awarding them. Act of March 25, 1831, s. 3.   *Brown* v. *Lambeth,* 2 An. 822.   *Farrar* v. *New Orleans Gas Bank.* Ib. 873.                        *Judgment affirmed.*